UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/2014

_TYQUAN HASKINS_

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_Commissioner: Marck Cranston_
_Warden Rose Agro, Deputy Kelly,_
_Captain: Baldwin, Captain: Medina #472_
_Captain: Levy, Captain: Walden Capt: Lynn_
_Captain: Clarke #1202, Capt: Mitchell #1250_
_Capt: Buckiner #1407, Capt: Jane doe #966_
_Capt: John doe #1622 D.O.C officers Roger, Ruiz, Gomez,_
_Jackson, White, Quintones, Campbell #16119_

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☑ Yes ☐ No

(check one)

13 Civ. 9128 WHP (WHP)

I.    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of
      confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper
      as necessary.

Plaintiff's     Name _TYQUAN HASKINS_
                ID# _895-13-01279_
                Current Institution _AMKC Ann. M. Kross Center_
                Address _1818 Haze Stree East Elmhurst N.Y. 11370_

B.    List all defendants' names, positions, places of employment, and the address where each defendant
      may be served. Make sure that the defendant(s) listed below are identical to those contained in the
      above caption. Attach additional sheets of paper as necessary.

Defendant No. 1     Name **Commissioner: Marck Cranston**     Shield # ▓▓▓
                    Where Currently Employed _Ann M. Kross center_
                    Address _1818 Hazen Street_
                    _East Elmhurst NY. 11370_

**Defendant No. 2**   Name _Baldwin_   Shield #_____
Where Currently Employed _Ann M, Kross Center_
Address _1818 Hazen St_
_East Elmhurst N.Y. 11320_

**Defendant No. 3**   Name _Warden Agro Rose_   Shield #▮▮▮▮
Where Currently Employed _Ann M, Kross Center_
Address _1818 Hazen Street_
_East Elmhurst N.Y. 11320_

| Who did
what? |

**Defendant No. 4**   Name _Buckiner_   Shield #_1407_
Where Currently Employed _Ann M, Kross Center_
Address _1818 Hazen Street_
_East Elmhurst N.Y. 11320_

**Defendant No. 5**   Name _Captain John doe_   Shield #_1622_
Where Currently Employed _Ann M, Kross Center_
Address _1818 Hazen street_
_East Elmhurst N.Y. 11370_

## II.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?
_AMKC_
_Ann M, Kross Center_

B.    Where in the institution did the events giving rise to your claim(s) occur?
_ten quad lower housing area_

C.    What date and approximate time did the events giving rise to your claim(s) occur?
_December 12, 2013 on a thursday afternoon_
_at AMKC around 5:pm at ten quad lower_

D.    Facts: _The house was on lock down and there was_
_a fire as plaintiff suffer an half hour breathing dark_
_Clouds of Smoke that fill the housing area Plaintiff cell opening_
_up and plaintiff run toward the entrance as excessive force was_
_apply on plaintiff who was mace and hand cuffs._

| What
happened
to you? |

## STATEMENT OF CLAIMS

Plaintiff incorporate paragraphs 1-43 as is fully set forth herein. Defendants denied medical treatment toward plaintiff when he asked on 9/15/13 as well place him through an X-Ray scanner because his case was a felony charge as they strip search plaintiff and placeing him in a overcrowded unsanitary holding cell for 26 hour's. Courts have found that over crowding violates prisoners Eighth Amendment rights, especially where overcrowding leads to harmful consequences. See-[ Lareau v. Manson ]

The courts had found classifying inmates by their current and prior offense before an intake search is unworkable, See "Floence v. Board" Chris Burke, a spokeman for the Federal Bureau of prison said " the system is running a " PILOT TEST " of various scanners".

Plaintiff who suffer 26 hours before see an doctor who didn't take plaintiff chest pain serious as plaintiff recive **no medical care** for it. **Defendant who didn't give plaintiff adequate medical care on 9/16/13 told** the nurse that found plaintiff heart pulse was abnormal and hook plaintiff up to an E.K.G machine and asked to send plaintiff towards an out side hospital. Defendant Dr.Habib who felt it was unnecessary to sent plaintiff out towards an out side hospital for his pulse which was under 50.

Plaintiff was place at ten quad lower 9/22/13 that lack in the basic
necessities which the housing area was a high max classifications
cells area. The housing area had no cameras on the dayroom or none
at the hallway where the cells was at which any officers could use
excessive force on anybody as cruel and unusual punishment anytime.
Plaintiff notice that the housing area didn't have any fire sprinkers
in the dayroom and none in the hallway as well none in cells.

Plaintiff was in a speacial search that was on 9/23/13 at AMKC
which had plaintiff naked as females walk up and down the hallways.
Defendant john doe who strip plaintiff and made plaintiff stand naked
by the cell door while officer john doe search the cell. Plaintiff
seen two females officers stop and pointed at plaintiff penis as
there was no surveillance cameras recording the search that day and
defendant had created there on custom policy which allowed wrong
doing to occur as there was no surveillance. See " Fortner v. Thomas,
983 F.2d 1024,1030 ( 11th Cir.1993 ) ( Finding that right to bodily
privacy may have been violated where male prisoner were subject to
unclothing observation by females guards )

Plaintiff was violated by captain medina#472 on 10/8/13 as she
found plaintiff guilty of two charges that wasn't accurate. The
surveillance show plaintiff wasn't gulity of any of the charges
as medina told plaintiff she wants to be fair with the judement.
Defendant was acting under color of state law said unto plaintiff
" two charges will stick with you cause I want to be fair on this"
Plaintiff knew he didn't get an fair disciplinary hearing on 10/8/13
See Hilton v. Dalsheim, 439 N.Y.S 2d 157, 157-59,81 A.D.2d 887-88
See Boodro v. Coughlin, Rodriguez v. Coughlin,

Plaintiff was lockin his cell on 10/13/13 at AMKC for an excessively long confinement with out being lock out to take shower's or to call his lawyer or to go out side for an hour recreation while lock in. Defendant john/jane doe told plaintiff that the housing area didn't have any soap or toilet tusse in the housing area as the whole housing area started to small bad. Plaintiff with other inmates who couldn't take showers and denied mail going out and didn't recive any visited for 96 hour's straight lock down.

Eighth amendment rights had been violated through, among other things, the unsanitary conditions in the jail, the lack of adequate medical care, unsafe conditions and the lack of religious services or instruction.
[ See e.g., Hoptowit v. Spellman. Spain v. Procunier, 600 F.2d 189,199 ( 9th Cir. 1979 )


November 18,2013 Plaintiff due process had been violated by D.O.C which plaintiff didn't get produce to court because the legitmate reason was an inmate was going to testify on a D.O.C officer bus driver, for using excessive force on him. The bus driver went on strike as all inmates suffer while D.O.C violated plaintiff due process rights. No person shall be deprived of life liberty or property with out due process of law and applies to the Federal goverment U.S. Const amendment V. As all inmates use the 5th amendment instead of the 14th amendment to challenge due process violations.

December 12,2013 Plaintiff was in a housing area that lack in
basic necessities or the presence of safety hazards, such as
substandard fire prevention. As defendant specific behavior or
failure to act to put the fire out in the cell that made all inmates
suffer for an half hour breathing dark cloud of smoke. Excessive
force was apply on all inmates and no medical treatment was apply
or provided. Holding that a state must provid " prisoners with
reasonably adequate food, clothing, shelter, sanitation, medical
care, and personal safety so as to avoid the imposition of cruel
and unusual punishment) See Nicholson v. Choctaw county,Ala.,498 F.supp

Plaintiff notify captain about inmates that threating him and was
treated inhumen by the area captain at 12 quad lowe on 2/24/14
around 9:30pm at AMKC. Plaintiff eighth amendment had been violated
by D.O.C captain who fail to protect plaintiff from prisoner
assault down the line when plaintiff told captain about his problem.
Finding that administrative confinement after a required factual
determination that plaintiff posed a threat to prison confinement.
See[Glick v. Henderson]

Plaintiff was at 12 quad lower on the 2/27/14 as defendant told all
inmates " I give who ever a pack of cigarettes to beat up plaintiff ".
Defendants campbell and john doe watch on the "B" post as two gang
members jump and beat plaintiff up who was on the phone for ten minutes.
Captain denied medical treatment to plaintiff for 15 hours. Both officers
was directly participated in the wrong and knew about the wrong doing.
Plaintiff was kept at intake area which was unsanitary and small bad
for 38 hours.

Plaintiff was attacked by three gang members at AMKC mental health around 12pm. Plaintiff notify defendant officers about not going back in the holding cell which he came out of which plaintiff felt uncomfortable and wanted to be place in another holding cell. Defendant told plaintiff to step in the holding cell as soon plaintiff step in three gang member rush him and beating plaintiff up. Defendant who knew about the situation watch plaintiff get beating up. D.O.C officials is held liable for hiring unqualified people that fail to properly train or supervise their staff. See Bd. of the county Comm'rs v.Brown 520 U.S. 397,411,117 S. ct.1382

## CLAIM FOR RELIEF

Plaintiff incorporate paragraphs 1-43 as is fully forth herein. is sueing D.O.C in it's officials capacity et al. Plaintiff is sueing all officers guards: Roger,Ruiz,Gomez,Jackson,White,Campbell,Quirtones, john/jane doe's in their individully capacities. Plaintiff is sueing all captains:Lynn,Levy,Clarke,Buckiner,Mitchell,Medina,Baldwin in their official and individully capacity. Plaintiff is sueing deputy Kell and Warden Agro Rose as well Commissioner:Marck Cranston in their individully and official capacity. Plaintiff asked for all six cases $75,000 each for each case that happen at riker island AMKC facity which unto this day on plaintiff fill violated by the way the facility have created there on custom policy which allowed wrong doing to occur.

Date: 3/29/14

Signature

Sworn to before me this
29 day of March, 20 14

Notary public

NKECHI IGBO
NOTARY PUBLIC-STATE OF NEW YORK
Nc. 01IG6163948
Qualified in Queens County
My Commission Expires April 29

As Captain John doe #1622 said to all officers "hand cuff them mother fucke and don't let them move make sure you use plastic cuffs" as he cuff plaintiff around the wrists with the plastic cuff as defendant captain Buckner #1407 said out loud "fuck medical take all there ass towards the back intake and if they get out of line fuck them up I don't care about the cameras." Excessive force was apply on all inmates on 12/12/13 as well plaintiff was mace and denied medical by D.O.C Captains and officers.

**Was anyone else involved?**

The whole housing area was involed on 12/12/13

**Who else saw what happened?**

## III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

Plaintiff suffer emotional Stress along with mental abuse and suffering inhaleing dark clouds of smoke for half hours while plaintiff was denied medical treatment on the 12/12/13

## IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes __✓__ No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Ann, M, Kross Center Since 9/18/13 unto this day on plaintiff suffer inadequate care at AMKC custody.

B.   Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ✓   No ____   Do Not Know ____

C.   Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____   No ✓   Do Not Know ____

If YES, which claim(s)?

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ✓   No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____   No ____

E.   If you did file a grievance, about the events described in this complaint, where did you file the grievance? AMKC IGRP and no respond unto this day on -

1.   Which claim(s) in this complaint did you grieve? more then one see Exhibit attach

2.   What was the result, if any? None
See Exhibit

3.   What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. there's no information on how to appeal in IGRP at the law library.

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

_____
_____
_____

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. I call 311 on 12/13/13 and made a complaint. I wrote to the warden and never receive a responds. I notify prison rights about the incident that happen on the 12/12/13 on the 12/13/13. I wrote IGRP and never got a respond unto this day on.

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). I asked the court to shut AMKC facility down for it is a hazzar building for both parties workers and inmates could loss there life in Ann M, kross center that's falling apart. Plaintiff who suffer maximum medical improvement along with mental abuse by D.O.C. as a measure of damages. As for six cases I asked for "Seventy five thousands U.S. Dollars" for compensation for placeing plaintiff in a hazardous environment intervening cause of emotional stress.

_____

_____

_____

**VI.    Previous lawsuits:**

**A.**    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

   Yes _____    No _____

**B.**    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

   1.    Parties to the previous lawsuit:

   Plaintiff _TYQUAN HASKINS_____
   Defendants _Department of Correction and Harris and Captain Pollard_

   2. Court (if federal court, name the district; if state court, name the county) _____

   _____

   3.    Docket or Index number _____

   4.    Name of Judge assigned to your case_____

   5.    Approximate date of filing lawsuit _____

   6.    Is the case still pending? Yes _____ No ✓   _N/A_

      If NO, give the approximate date of disposition _N/A_

   7.    What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _settlement_

   _____

   _____

**C.**    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

   Yes _____    No _____

**D.**    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

   1.    Parties to the previous lawsuit:

   Plaintiff _TYQUAN HASKINS_____
   Defendants _Harris et al Captain Pollard_____

   2.    Court (if federal court, name the district; if state court, name the county) _____

   _____

   3.    Docket or Index number _____

   4.    Name of Judge assigned to your case_____

   5.    Approximate date of filing lawsuit _____

The marginal boxes read: "On these claims" and "On other claims"

6. Is the case still pending? Yes _____ No ✓

   If NO, give the approximate date of disposition_____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _Settlement_

   _____

   _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 29 day of _March_ , 20 14

Signature of Plaintiff _Tyquan Harkins_

Inmate Number _8951301279_

Institution Address _Anna M, Kross Center_
_1818 H220 St_
_East Elmhurst NY 11320_

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 29 day of _March_ , 20 14 I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: _Tyquan Harkins_

STATEMENT OF FACTS

## INADEQUATE MEDICAL ATTENTION

1.      September 15,2013 saturday morning at AMKC around 1am
plaintiff asked **quirtones7455**for medical attention for his chest
pain amd was told "no" by intake officers. Defendant **quirtones#7455**
said " ain't nobody going to see your sick ass unto you finish being
process". as he laugh at plaintiff. Plaintiff waited three hour's
unto his name was call by an intake officer for processen.

2.      Defendant quirtones#7455 who took plaintiff finger prints
and photo's said unto plaintiff " you have an felony case so get
ready to ride the surfboard". Plaintiff didn't know what defendant
mean as officer quirtones#7455 took plaintiff to the strip search
area and told plaintiff to stand on a board of a machine **securpass**.
Defendant stood behind a shiled as plaintiff was told to look down
at a dot on the board he was standing on.

3.      Plaintiff was slid to one side unto the other as a sharp
pain went through plaintiff chest and legs. Plaintiff asked defendant
again for medical as plaintiff told defendant what he felt and was
told "no" by defendant who told plaintiff " your not *done*being process".
Plaintiff  was told to step down and strip by officer quirtones#7455
who told plaintiff that he need to stop bitching about his health
problem. Defendant finish strip search plaintiff and told plaintiff
to step in a over crowded holding pen which plaintiff asked to be
place in another holding pen.

4.      Defendant told plaintiff "this isn't burger king step
your ass in this cell" as plaintiff was force to step on other
inmates who was bunch up on one another. Plaintiff waited 26 hour's
before his name was call by D.O.C escort to see the doctor who name
was Habib Mohammad. Plaintiff told the Dr.Habib about his trip
through the securpass and how his chest pain became more worst after
going through the machine and how his head have pain like mind grain.

5.      Defendant Dr.Habib Mohammad told plaintiff " you just need
some rest for now eveything will go back to normal". Plaintiff was
sent to an nurse by Dr.Habib who didn't take plaintiff chest pain
problem serious. The nurse took plaintiff heart pulse and panic
and call for an doctor as she hook plaintiff up to an E.K.G machine.
Defendant Dr.Habib Mohammad told thye nurse that she didn't have
to do anything with plaintiff and plaintiff didn't have to go to
an out side hospital. Dr.Habib told the nurse " you don't have to
send him out all he needs is some rest", at AMKC facility on 9/16/13.

*Amended = two*

## INADEQUATE SPRINKLERS AND NO CAMERAS

6.      September 22,2013 sunday afternoon plaintiff was place
in a high classification housing area which was a cell max area
at AMKC facility. Plaintiff notice at the entrance of ten quad lower
stood a big red fire sprinkler above plaintiff head next to the "A"
post and no cameras at all in the housing area which is a max.
Plaintiff was sent to wards cell five and seen that the dayroom didn't
have as well the hall way didn't have fire sprinklers or surveillance
cameras in the high classification housing area that was a max.

7.     September 23,2013 Monday morning at AMKC facility ten
quad lower had a special search around 9am. Defendant john doe
told plaintiff to strip and squat as plaintiff notice females
walking up and down the hall way. Plaintiff didn't give any issue
on what he seen but defendant john doe didn't give plaintiff his
clothing back. Defendant told plaintiff to step next towards the
cell door entrance as defendant enter plaintiff cell to confiscate
plaintiff shoes that was beneath his cell.

8.     Defendant took his time as plaintiff stood by the door
entrance naked as two females officers stop and pointed at plaintiff
penis since plaintiff was told by officer john doe to face the cell
entrance. Defendant john doe was pull out of plaintiff cell by the
deputy who name was "kelly" as plaintiff was told to get dress and
lay on his stomach unto the search was done. Plaintiff asked to
speak to the deputy who took officer john doe who had plaintiff shoes.

9.     Defendant deputy kelly told plaintiff who asked if the
search was taught to officer john doe to do so as well where is the
surveillance cameras.  Defendant said unto plaintiff " stop your
bitching your shoes was contraband and we do what we want an't nobody
going to stop us so lay your ass down unto the search is over punk".
Plaintiff didn't say a word unto the search was over officer Ms.Ruiz
bought plaintiff a property reciept which name on it and shield
number plaintiff couldn't read it at all as it said that plaintif
refuse to sign the property reciept which wasn't ture.

## DUE PROCESS IN DISCIPLINARY HEARING

10.     October 7,2013 at AMKC plaintiff was call for an disciplinary hearing. Defendant captain medina#472 asked plaintiff " why you refuse to sign for the infraction on 10/2/13 when captain walden#167 came to serve you?" Plaintiff told captain medina." nobody came to serve me at all you can check the log book and cameras". Captain Medina#472 asked plaintiff " how do you ple?" plaintiff say not guilty and she ask any witness plaintiff said "surveillance cameras".

11.     Defendant told plaintiff " since you was never serve I'm going to reserve you and bring you back within 24 hour's from now". Defendant captain medina#472 read the top charges on the infraction which officer Mr.Gomez#4216 accuse plaintiff of throwing a cup at him on the 10/1/13 at intake area c.71 as well refuse a direct order and disrespect staff at AMKC intake area.

12.     October 8,2013 plaintiff was call back down towards the disciplinary hearing and seen captain medina#472. Defendant captain medina#472 told plaintiff " I'm dismissing the top charge which was attempt assault and living two chages too be fear". Defendant captain medina#472 left refuse a direct order as well disrespect staff both charges hold days at solitary confinement box. Plaintiff plea not guilty to all charges as he was fine twenty five dollars and 7 day at the box for a incident that plaintiff never had done.

13.·.      October 13,2013 Plaintiff was told to lockin his cell
along with eveybody else at AMKC ten quad. lower housing area.
Plaintiff asked officer john doe to call the captain so she
speak to eveybody about locking in early. Defendant officer
told plaintiff that main reson why eveybody is lockin for the
day is because a "T.S.O" that happen at another house.

14.      Plaintiff didn't recive any medication on the 10/13/13
as well didm't speak to, any area captain on the 10/13/13 about
not reciveing medication that day along with why all inmates
have to lock in early. Plaintiff spoke to another officer who
said plaintiff wasn't coming out of the cells unto the investigation
was done about a slashing that happen at a nother housing area.

15.      October 14,2013 at AMKC facility plaintiff was treatded
inhumen by officer john doe and his code worker jane doe's as
plaintiff asked for toilet tusse and was told to use his shirt.
Plaintiff was asking to speak to an area captain on a change of
shift which defendant john doe laugh and said " ain't nobody
going to talk to your smally ass" as defendant john doe close
the door to the bubble area and left plaintiff with out helping
or making an attempt.

16.      October 15,2013 Plaintiff was told by officer john doe
who was woking with msjane doe " that there was no more soap and
toilet tusse at the a bubble for two days". Plaintiff asked to
speak to an area captain about inmates being lock in there cell for
over 92 hour's straight without any mail or phone usage .

17. October 16,2013 at AMKC facility ten quad lower plaintiff seen captain lynn around 11:40 walking with a fire inspector which was doing an investigation on the housing area. Plaintiff asked captain lynn how long there was going to be on lock down and was told " I'm busy right now don't you see me doing something I told eveybody yesterday that this house is on lock down unto they finish doing there investigation". Plaintiff didn't understand why the whole building wasn't on lock down and only there housing area was on lock down and no one got cut in this housing area.

18. Plaintiff asked the fire inspector who walk by with captain lynn " is this housing area a fire hazard?" The fire inspector said unto plaintiff " this whole building is a fire hazard to both parties" captain lynn told the fire inspector " you don't have to talk to him just don't pay them any mind". Defendant captain lynn left and it was a change of shift as captain baldwin came in the housing area and told eveybody that they will not be getting out of there cell today.

19. Defendant captain baldwin laugh at all inmates who was trying to talk to her about being lock in there cell from sunday and not useing the phone as well not taking a shower. Plaintiff seen another inmated started to flood his cell as the water came down the hall way and to other people cells. Defendant captain baldwin call the full breath deputy chife who told the captain"why are they steel lock in there cell?" Captain baldwin said that there was a slashing at another house and they was doing an investigation on it as the deputy told her to let eveybody out of there cell so they clean up.

20.    Plaintiff was let out of his cell to clean up the hall way along with eveybody else who rush towards the shower area's. Defendant captain baldwin was told by the deputy that none of the ten quad lower should of been lock down for that incident that had happen else where. Plaintiff asked jane doe if he can go to the law library for and inmate statment sheet and for a grievance which ms. jane doe told plaintiff" you better wash your ass before you go any where you small bad!" Plaintiff asked the captain who was in the bubble for a bare of soap and was told they don't have any toilet tusse as well no soap or any garbage bag.

Amended = fire

## TRANSGRESS FIRST, SIXTH, & FOURTEENTH AMENDMENTS

21.    November 18,2013 wesday morning at AMKC facility  around 4:40am plaintiff was woking up by officer roger for court. Plaintiff walk out when they said back courts going out around 5:10am where plaintiff was strip search and place in a holding cell unto the bus driver's arrive.

22.    Plaintiff notice that the cell that plaintiff was in was getting over crowded and there was no bus driver's coming to pick up anybody for court. Defendant captain fredrick said out lound towards eveybody around 11:20am " DEPARTMENT BUS DRIVER ARE ON STRIKE!". Plaintiff felt violated by D.O.C who knew about the strike and steel got eveybody up to be process for court that day of 11/18/13. That's the same day a inmate go to court to testify against the D.O.C for excessive force use on an inmate on the bus by an D.O.C bus driver who beating an inmate up while he was in hand cuff.

## HAZARDOUS TOXIC FUMES ENVIRONMENT

23      December 12,2013 thursday morning at AMKC housing area
ten quad lower was lock down for an fight that had happen in the
yeard. Defendant deputy Kelly told captain lynn to lock down her
housing area ten quad lower unto they get done with the investigation.
Defendant captain lynn told all inmates that she couldn't over ride
her boss which all inmates told captain lynn that nobody from ten
quad lower went out for recreation.

24 Defendant captain lynn told all inmates " let us do our investigation
and we let you out before lunch ". Defendant deputy Kelly came to
ten quad lower and asked eveybody"why they want to speak to him for
if the captain told y'all that yall will be let back out for lunch
then that what it is." Plaintiff notice that it was 10:40 when
eveybody was told to lock in there cell for the day and lunch was
serve around 12:40am and all inmates was asking to speak to the deputy.

25 Plaintiff notice a change of shift at 4pm and officer rtoger came
to do a count and told eveybody that they will be lockin for the day.
Defendant roger left the "B" post and said he was going to call the
area captain who was captain baldwin for the housing area which was
around 4:30pm.He call and got a"no"for an answer to not let anybody
out he said to all inmates that ask officer roger what was going on.

26  Defendant roger walk the hallway which was the "B" post and told
all inmates that they will not come out of there cell because an
inmates want to make a fire and play with it in his cell. Defendant
roger walk the hallway around 5pm when he made the annoucment about
" nobody was lockin out because of an inmate making fire in his cell".
Plaintiff asked defendant roger to put the fire out and don't let him
make it. Defendant roger said unto plaintiff " that not my problem
yall want to lock out so yall talk to him " as officer left the "B"
post and went to the "A" post and close the bubble door.

27  Defendant roger was ignoreing all inmates who was asking him to
" let us out!call the probe team!I cant breath! Help Roger!"
as an half of hour went by before the probe team came in the
housing area around 5:40pm. Plaintiff couldn't see anything as
the hallway was fill with black cloud of smoke that was thick as
all cell opening up and inmates ran towards the door. Defendant
of the probe team couldn't see as they ran into inmates and trip
over each other in the housing area that had black clouds.

28  All inmates ran towards the door entrance of ten quad lower that
was open so the black cloud of smoke went out as all inmates rich
the main hallway that had the other side of the probteam waiting.
The probe team mace all inmates and use excessive force on inmates
as well plaintiff who was o.c spray at the side of his face and
was slam on the floor. Defendant captain john doe#1622 told all
officers " hand'cuff them mother fucker and don't let them move
from where they are"

29 Defendant john doe#1622 place plastic tight hand cuff around plaintiff
and told all officers to use the plastic hand'cuff. Defendant
captain Buckiner#1407 said out loud " fuck taking them for medical
take there ass towards the back intake and if they get out of line
fuck them up right where they stand because I don't give a fuck about
the cameras". Plaintiff was told to strip search and place in a holding
cell at c.71 intake along with the other inmtes as plaintiff rech for
water to use on the side of his face.

30 Plaintiff was down at intake area unto 7:30pm and was taking back
towards the housing area that finish having a fire and was steel
smalling like fumes of the fire in the air. Plaintiff asked for
medical and was told to lock in his cell by deputy and captain's
as the housing area captain said to plaintiff " you just finish
living the intake area you want to go back to the intake  because
of medical reason that could wait unto tommorrow get you ass in your
cell " Plaintiff was force back into his cell area by officer john doe's
and area captain who denied plaintiff for medical as well told eveybody
to wait unto tommorrow to get medical.

     December 13,2013 Plaintiff was call down towards sick call
31 for an follow up with the medical doctor about plaintiff back pain.
Doctor who seen plaintiff told plaintiff that the computer have it that
plaintiff was seen by a doctor yesterday around 12:30pm. Plaintiff asked
the doctor " why captain clarke#1202 have us see a doctor to sign a injury
report sheet and all of this should of been done yesterday around the
incident time that took place yesterday not today on a friday morning.
Doctor Ms.jane doe said that plaintiff made alot of sense since the time
is ' different from what you saying that you lock in.

## COUNT ONE BREACH OF DUTY TO PROTECT

32    February 24,2013 monday night at AMKC at 12 quad lower housing area plaintiff was notify by inmate cruz to not set at the table or use the phone by the shower area. Plaintiff notify the officer that was working that day about plaintiff problem with the gang members. Defendant john doe said he will call the housing area captain for plaintiff to speak to about his problem. Defendant officer john doe told plaintiff to write a letter for the captain so eveybody will have to see what was going on.

33   Defendant captain baldwin came to 12 quad lower around 9:40pm and told plaintiff that she will read his letter when she get a chance as she told the officer to lock in evybody in early for the day. Plaintiff asked captain baldwin if he can go to the intake unto they found housing for plaintiff "no" captain baldwin told plaintiff as she said " it will take four to three days befor a bed is available for you". Defendant captain baldwin told plaintiff who asked to be place at protected custody " stop your bitch and lock your ass in your cell now ain't nobody going to do anything to your punk ass".

34    February 27,2013 thursday afternoon around 1pm at AMKC at 12 quad lower plaintiff was on the phone when an officer asked him to take out the trays and plaintiff said "no" officer campbell#16119 told plaintiff " that's how you get fuck up" as plaintiff said to officer campbell#16119 " by who that not my job anyway i'm on the phone please asked sombody else who will do it I can't right now". Defendant campbell said unto plaintiff "I got sombody for you right now".

35 Defendant campbell#16119 made a announcement out loud towards all inmates in the dayroom and the hall way " who ever fuck up Mr.Haskins will get a pack of cigarettes from me!" Defendant campbell#16119 watch as two inmates said unto officer campbell " I got you campbell" and ambrush plaintiff who was on the phone. Plaintiff was jump by two inmates that was gang member as the two officers campbell and john doe watch. Plaintiff had a problem with the latin king members and told captain baldwin who told plaintiff to lockin.

36 Defendant campbell and john doe stood on the "B" post and watch plaintiff fights over ten minutes as both officers laugh at plaintiff who was being beating up and had blood running from his nose. the probe team came and officer campbell told the probe team captain mitchell#1250 " I want Haskins out of here" Defendant captain mitchell told the area captain ms.jane doe#966 that plaintiff was crazy and he started the fight by bumping the inmate at lunch time. Plaintiff asked for medical treatment for his nose and was told by the probe team captain " shut the fuck up and if you keep on asking about medical I will fine the big bad inmate and place him in the cell with you and tell him to fuck you up".

37 Plaintiff was taking to the intake area and place through the securpass and was place in a holding cell with out any medical treatment for 15 hour's as the night shift captain sent plaintiff to see the doctor for medical treatment and was told by the doctor that plaintiff will have to do X-Ray on his nose and was place back in the holding cell unto the doctor was ready for plaintiff to get an X-Ray done on 02/28/14.

38 Plaintiff notify captain levy who asked plaintiff if he can go
back to the same house that he had the fight in "no" plaintiff
said to captain levy who was the intake captain at night that send
plaintiff to do an injury report and see the doctor. Defendant
captain levy told plaintiff Y theres no incident report about you
haveing a fight at 12 qudd lower housing area." Plaintiff asked
capyain levy if he can be place in protected custody or to another
facility because his life is indager at AMKC since he had a fight
with a gang members.

39 Defendant captain levy said to plaintiff " I can't help you with
that and the answer is "no" you will be rehouse and don't worry about
the latin kings members you could fight you be alright". Plaintiff
felt that captain levy didn't take his issue as a big problem as 38
hours past by befor plaintiff was rehouse at AMKC facility where
they place plaintiff at 14upper and didn't care about plaintiff requst
to be move out of the facility unto another place.

Amended = Eight                    INADEQUATE CUSTODY

40          March 11,2014 wesday afternoon plaintiff was call to see
mental health at AMKC which was around 11:40am. Plaintiff was place
in a holding cell with gang members which was latin king"s as three
of them didn't pay plaintiff any mind unto ms.white call plaintiff
by his last name to be seen. The holding pen became quiet as officer
white hold the door and told plaintiff where to go to see the mental
health doctor at as plaintiff told ms.white he fill un easy going back
to the holding pen he just left because of the three gang members in
there.

41 Plaintiff finish up with the doctor and asked officer jackson if
he could be place at another holding pen as ms.jackson said "this
isn't musical chair's here take your I.D and go back to the holding
pen you came out of. Plaintiff told Ms.jackson that he felt very
uncomfortable going back in the holding cell that she ask him to go in.
Defendant Ms.jackson along with Ms.white told plaintiff." stop your
bitching and step your ass in the pen " as ms.white opening up the
holding pen.

42 Defendant ms.white who laugh at plaintiff held the door opening
to the pen as soon plaintiff took a step in the holding pen he was
ambrush by three latin kings members as plaintiff fell down and start
curling out of the holding pen while three gang members punch and
kick plaintiff in the face area. Defendant ms.jackson drag plaintiff
as officer white watch the three members jump and kick plaintiff.

43 Defendant captain clarke#1202 send plaintiff to the doctor and was
told that plaintiff had to go out to west facility and urgent care.
Plaintiff was told that he had a swollen nose and under his right
eye was a swollen which made the doctor requst for X-Ray and west
facility for urgent care for plaintiff. Defendant captain clarke#1202
who spoke to the doctor was asked by the plaintiff if he can be move
out of the AMKC facility for his life is indanger and was told by
ms.clarke#1202 " that's not my problem that you can't be here learn
how to fight and you want have to get wash up ever where you go".
Plaintiff didn't asked for anything else at the time of the
moment for the whole day.



## City of New York - Department of Correction

# INMATE GRIEVANCE AND REQUEST PROGRAM STATEMENT FORM

| Inmate's Name: Tyquan Haskins | Book & Case #: 8951301279 | NYSID # (optional): 09655617N | |
|---|---|---|---|
| Facility: AMKC | Housing Area: 7 modd | Date of Incident: 9/15/13 | Date Submitted: 9/25/13 |

All grievances and requests must be submitted within ten business days after the incident occurred, unless the condition or issue is ongoing. The inmate filing the grievance or request must personally prepare this statement. Upon collection by Inmate Grievance and Request Program (IGRP) staff, IGRP staff will time-stamp and issue it a grievance/request reference number. IGRP staff shall provide the inmate with a copy of this form as a record of receipt within two business days of receiving it.

Request or Grievance: To stop intake officer and captains for treating new admission inmates inhumen as well for forcing us to go through an X-ray scanner and denied medical attention to new admission inmates. Doctor Habib Mohammad told the nurse to not send me to an out side hospital why is that if my heart pulse is low for three days sinice 9/16/13 unto 9/19/13 my heart is steel low.

Action Requested by Inmate: Stop Captain and Officers from denied medical attention and stop Docter from denied medical treatment to inmates that concered to AMKC with a serious medical problem.

**Please read below and check the correct box:**

|  | Yes | No |
|---|---|---|
| Do you agree to have your statement edited for clarification by IGRP staff? | ☑ Yes | ☐ No |
| Do you need the IGRP staff to write the grievance or request for you? | ☑ Yes | ☐ No |
| Have you filed this grievance or request with a court or other agency? | ☐ Yes | ☑ No |
| Did you require the assistance of an interpreter? | ☐ Yes | ☐ No |

Inmate's Signature: Tyquan Haskins          Date of Signature: Tyquan Haskins

**For DOC Office Use Only**
IGRP RETAINS THE DOUBLE-SIDED ORIGINAL FOR ADMINISTRATIVE RECORDS.
IGRP MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

| Time Stamp Below: | Grievance and Request Reference #: | Category: |
|---|---|---|
| | Inmate Grievance and Request Program Staff's Signature: | |



## City of New York - Department of Correction

# INMATE GRIEVANCE AND
# REQUEST PROGRAM STATEMENT FORM

The Inmate Grievance and Request Program (IGRP) at the NYC Department of Correction is available to resolve your individual complaints or concerns about specific matters involving incarceration.

A grievance is a written complaint submitted by an inmate in the Department's custody about an issue, action, condition, or practice relating to the inmate's confinement.

A request is a written individually expressed need for a service, assistance, or accommodation regarding any issue relating to the inmate's confinement.

- You may first seek to resolve the issue or condition by speaking to the involved staff or your housing officer.
- You always have the right to file a grievance or request.
- Before you seek relief from an external entity, like the courts or another agency, you should file your grievance or request with this program.

---

## THE SUBMISSION AND APPEALS PROCESSES

### 1. SUBMISSION

Submit this form (Statement form) to the IGRP office, IGRP staff, or drop it in a grievance and request box.

### 2. INFORMAL RESOLUTION

You will receive a proposed resolution within five days after the IGRP receives the form. If you disagree with the proposed resolution, you will have five business days to appeal and request a formal hearing.

If your submission involves a request to exercise religious beliefs or practices not currently available and you seek to appeal, the Committee on Religious Accommodations will review your request.

### 3. FORMAL HEARING OF THE INMATE GRIEVANCE RESOLUTION COMMITTEE

The Inmate Grievance Resolution Committee (IGRC) will conduct a hearing and render a written disposition within five business days from your request for a hearing.

If you disagree with the IGRC's disposition, you will have five business days to appeal to the commanding officer.

### 4. COMMANDING OFFICER'S REVIEW

The IGRP staff will forward your appeal to the commanding officer within one business day of receiving it. Within five business days of receiving the appeal, the commanding officer will render a written disposition.

### 5. CENTRAL OFFICE REVIEW COMMITTEE

If you disagree with the commanding officer's disposition, you will have five business days to appeal to the Central Office Review Committee (CORC). The CORC will render a disposition within 15 business days of receiving the appeal. The CORC's disposition constitutes the Department's final decision.

**NYSID No:** 09655617N   **B&C No:**
8951301279

**HASKINS, TYQUAN**
373 E 154 ST, 205, BRONX, NY 10451          **Primary Insurance:**   Medicaid
                                            **PCP:**
**DOB:** 02/15/1983   **Age:** 30 Y   **Sex:** male
**Home:**
**Work:**
**Cell:**
**Email:**

**Allergies :**  N.K.D.A

| Date | Type | Description | |
|------|------|-------------|---|
| 09/18/2013 | Nursing | librium detox | |
| 09/18/2013 | Nursing | court med/ ciwa | |
| 09/17/2013 | Nursing | ciwa | |
| 09/17/2013 | Nursing | Detox | |
| 09/16/2013 | Sick Call | Abnormal EKG referred by Nurse | CHEST PAIN NOS |
| 09/16/2013 | TEL | stat librium order | DRUG DEPEND NEC-CONTIN |
| 09/16/2013 | Intake | | ROUTINE MEDICAL EXAM |

Summary View for HASKINS, TYQUAN                                             Page 2 of 2

| | | |
|---|---|---|
| Sitting:108/68 | 09/18/2013 05:42:49 AM | Constance Clark |
| **Pulse** | | |
| 43 | 09/18/2013 05:42:49 AM | Constance Clark |
| **RR** | | |
| 16 | 09/18/2013 05:42:49 AM | Constance Clark |
| **Temp** | | |
| 98.7 | 09/18/2013 05:42:49 AM | Constance Clark |
| **SaO2** | | |
| 100 | 09/18/2013 05:42:49 AM | Constance Clark |

**Appointment Provider: Constance Clark, MHC**

X

**Electronically signed by Constance Clark on 09/18/2013 at
05:47 AM EDT**
Sign off status: Completed



## City of New York - Department of Correction

# INMATE GRIEVANCE AND
# REQUEST PROGRAM STATEMENT FORM

| Inmate's Name: | Book & Case #: | NYSID # (optional): | |
|---|---|---|---|
| Tyquan Haskins | 895/301279 | 09655617N | |
| Facility: | Housing Area: | Date of Incident: | Date Submitted: |
| AMKC | 10 Quad lower | 9/23/13 | 9/25/13 |

All grievances and requests must be submitted within ten business days after the incident occurred, unless the condition or issue is ongoing. The inmate filing the grievance or request must personally prepare this statement. Upon collection by inmate Grievance and Request Program (IGRP) staff, IGRP staff will time-stamp and issue it a grievance/request reference number. IGRP staff shall provide the inmate with a copy of this form as a record of receipt within two business days of receiving it.

**Request or Grievance:** Put surveillance cameras in max housing area to record inmates being violated by the search team. I was told to strip and told to stand next the cell door entrance with my back turn from the officer who was in my cell as females walk up and down the hallway. As females pointed and laugh at my penise.

**Action Requested by Inmate:** I want the officer who took my shose to write his name properly so I can filed a lawsuit against him for violentening me on 9/23/13. I have my property recipt but it's not readable.

### Please read below and check the correct box:

| | Yes | No |
|---|---|---|
| Do you agree to have your statement edited for clarification by IGRP staff? | ☑ Yes | ☐ No |
| Do you need the IGRP staff to write the grievance or request for you? | ☐ Yes | ☐ No |
| Have you filed this grievance or request with a court or other agency? | ☐ Yes | ☐ No |
| Did you require the assistance of an interpreter? | ☐ Yes | ☐ No |

Inmate's Signature: _Tyquan Haskins_      Date of Signature: _Tyquan Haskins_

---

**For DOC Office Use Only**
IGRP RETAINS THE DOUBLE-SIDED ORIGINAL FOR ADMINISTRATIVE RECORDS.
IGRP MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

| Time Stamp Below: | Grievance and Request Reference #: | Category: |
|---|---|---|
| | | |
| | Inmate Grievance and Request Program Staff's Signature: | |



# City of New York - Department of Correction
# INMATE GRIEVANCE AND
# REQUEST PROGRAM STATEMENT FORM

The Inmate Grievance and Request Program (IGRP) at the NYC Department of Correction is available to resolve your individual complaints or concerns about specific matters involving incarceration.

A grievance is a written complaint submitted by an inmate in the Department's custody about an issue, action, condition, or practice relating to the inmate's confinement.

A request is a written individually expressed need for a service, assistance, or accommodation regarding any issue relating to the inmate's confinement.

- You may first seek to resolve the issue or condition by speaking to the involved staff or your housing officer.
- You always have the right to file a grievance or request.
- Before you seek relief from an external entity, like the courts or another agency, you should file your grievance or request with this program.

## THE SUBMISSION AND APPEALS PROCESSES

### 1. SUBMISSION

Submit this form (Statement form) to the IGRP office, IGRP staff, or drop it in a grievance and request box.

### 2. INFORMAL RESOLUTION

You will receive a proposed resolution within five days after the IGRP receives the form. If you disagree with the proposed resolution, you will have five business days to appeal and request a formal hearing.

If your submission involves a request to exercise religious beliefs or practices not currently available and you seek to appeal, the Committee on Religious Accommodations will review your request.

### 3. FORMAL HEARING OF THE INMATE GRIEVANCE RESOLUTION COMMITTEE

The Inmate Grievance Resolution Committee (IGRC) will conduct a hearing and render a written disposition within five business days from your request for a hearing.

If you disagree with the IGRC's disposition, you will have five business days to appeal to the commanding officer.

### 4. COMMANDING OFFICER'S REVIEW

The IGRP staff will forward your appeal to the commanding officer within one business day of receiving it. Within five business days of receiving the appeal, the commanding officer will render a written disposition.

### 5. CENTRAL OFFICE REVIEW COMMITTEE

If you disagree with the commanding officer's disposition, you will have five business days to appeal to the Central Office Review Committee (CORC). The CORC will render a disposition within 15 business days of receiving the appeal. The CORC's disposition constitutes the Department's final decision.

Inmate _HASKIN TYQUAN_
Last     First

**Property Receipt**

**A № 1173548** ___
year

Institution _OBMKC_

Date _1/28/13_

- ☐ NYSID # _____
- ☐ Book and Case # _895  13   01279_
- ☐ Sentence # _____    CONTROL/CUFFLOCK# _____

| WHERE WAS PROPERTY TAKEN: | | |
|---|---|---|
| ☐ Admission | ☐ Housing Area - Specify: ____ | ☐ Other - Specify: ____ |
| Was this property taken on a search: ☐ Yes / ☐ No | | |

| I. Personal Items | | II. Clothing | | | III. Jewelry | | | | |
|---|---|---|---|---|---|---|---|---|---|
| No. | Articles | No. | Articles | Color | No. | Article | Description | | |
| | | | | | | | Y | W | CS |
| | Radio | | Coat/Jacket | | | | | | |
| | Personal papers | | Pants | | | Tooth Cap | | | |
| | Pocketbook | | Belts | | | Neck Chain | | | |
| | Gloves | 01 | Shoes/Sneaker | RED/Wht | | Earring | | | |
| | Glasses | | Shirt/Blouse | | | Charm | | | |
| | Wig | | Skirt | | | Bracelet | | | |
| | Wallet | | Boots | | | Watch | | | |
| | Keys | | Hat | | | Ring | | | |

| Identification: ☐ Yes ☐ No | On Person | Same Name? Y N | | IV. Miscellaneous | |
|---|---|---|---|---|---|
| | | | | No. | Article |
| U.S. Passport | | | | | |
| Green Card | | | | | |
| Driver's License | | | | | |
| Other Government-issued photo ID | | | | | |
| Birth Certificate | | | | | |
| Social Security Card | | | | | |
| Other: | | | | | |

**Please Note:**
Description Color:
Y-Yellow Metal
W-White Metal
CS-Color of Stone

**INSTRUCTIONS**
1. If you receive more than one (1) item on a line, (e.g., coat/jacket) circle appropriate item then enter the number.

☐ NO PROPERTY

The above item(s) has been received from you because:
- ☐ It is not on the list of items which are permitted in this facility
- ☐ The quantity is in excess of that allowed in this facility.
- ☐ It may create a health, safety or security hazard, and therefore, you are not permitted to have it in your possession.
- ☐ You have submitted the item to us voluntarily for safekeeping.
- ☐ Other _____

Signature of person taking property     Shield ID #          Print Name

Signature of Inmate          Date          Time

SEE APPEAL AND DISPOSAL PROVISIONS ON OTHER SIDE.

## INMATE NOTICE OF APPEAL

If you believe the item(s) listed on the reverse side of this form have not been taken in accordance with the NYC Department of Correction's policies and procedures, you may file an appeal through the Inmate Grievance Resolution Program using an Inmate Grievance Form. Inmate Grievance Forms are available from Grievance Representatives and/or the Housing Area officer.

## CLAIMING YOUR PROPERTY

**You must claim your property and/or funds <u>within 120 days</u> of your discharge from the NYC Department of Correction (NYCDOC).**

1. **If you were housed in a facility on Rikers Island** and you were not able to pick up your property and/or funds at the time of your discharge, you may return to Rikers Island at a later time providing you do so within 120 days of your discharge from NYCDOC. To pick up property and/or funds on Rikers Island, **you must first schedule an appointment for pick up by calling 311.** Appointments are scheduled for two days after your call. If you are no longer in NYC, call 212-639-9675 to schedule the appointment for pick up. **If there is an emergency situation and you cannot wait for the appointment given to you by 311 please inform 311 that you require an accommodation.**

**You will not return to the facility where you were housed. You will pick up your property and/or funds from the Central Cashiers Office (CCO) on Rikers Island.** The CCO is located inside the Central Visit House on Rikers Island and is open 24 hours a day, 7 days a week. You must pick up your property and/or funds within 3 days of your appointment or you will have to make another appointment. You must bring picture identification (ID) with you to claim your property and/or funds. You may also select someone to pick up your property and funds. To do so, they must present a written authorization (letter) with your notarized signature specifically permitting them to claim your items and they must have a picture ID of themselves.

2. **If you were housed in a borough facility** Vernon C. Bain Center (VCBC) or Manhattan Detention Complex (MDC) **you must claim your property and/or funds from that borough facility** within 120 days of your discharge from NYCDOC. **You are to contact the borough facility for their hours of operation** (VCBC 718-579-8317, 8311; MDC 212-225-7413) and go to that borough facility for your property and/or funds. **You are not to go to the CCO on Rikers Island for your property or call 311 for an appointment if you were housed in a borough jail.** You must bring a picture ID with you to claim your property and/or funds. You may also designate someone to pick up your property and/or funds. To do so, they must present a written authorization (letter) with your notarized signature specifically permitting them to claim your items and they must have a picture ID of themselves.

3. **If you were transferred to another jurisdiction or agency** [i.e. New York State Department of Correctional Services (state prison); Department of Homeland Security (formerly known as INS); Federal Bureau of Prisons]; or extradited to another state or country you must claim your property and/or funds within 120 days of your discharge from NYCDOC. If you are unable to pick up your property and/or funds yourself, you may select someone to pick them up for you. They will require a notarized letter from you authorizing them to pick up your property and a picture ID of themselves.

4. **If you are a relative or a domestic partner or a designee of someone who passed away while in the custody of the NYCDOC** you must claim the deceased's property and/or funds within 120 days of their death. You are to contact the Surrogate Court – Public Administrator of the borough where the deceased last resided to obtain a Letter of Administration. A Letter of Administration will authorize you to pick up the deceased inmate's property and/or funds. After obtaining the Letter of Administration you must call 311 to schedule an appointment to pick the property and/or funds if the inmate was housed on Rikers Island. If the inmate was housed in a borough facility, you are to contact that facility.

If the deceased did not reside in the City of New York, a Letter of Administration is to be obtained from the Public Administration in the county of his/her residence. After obtaining the Letter of Administration you will follow the steps outlined above.

5. **If you are in NYCDOC custody and you would like an authorized individual to pick up your property while you are still incarcerated,** you may obtain and complete a Property Release Form which authorizes someone of your choice to pick up your property. The form can be requested from your Housing Area officer, the Inmate Grievance Resolution Program or the Social Services area. Once completed the form is given to any of the above areas for submission. You will be notified by the facility when approval has been granted for the property to be released. At that time, if you are housed in a Rikers Island facility you will notify your selected individual to contact 311 to schedule an appointment to pick up the property. If you are housed in a borough facility your selected individual will contact the borough facility for their hours of operation.

---

## AVISO DE APELACION DEL PRESO

Si usted cree que el artículo (artículos) listó en el lado inverso de esta forma no ha sido aceptado en conformidad con el Departamento de Corrección de NYC de las políticas y procedimientos, usted puede presentar una queja por el Programa de Quejas de Resolución del Preso que utiliza una Forma de Quejas del Preso. Las Formas de Quejas del Preso están disponibles con los Representantes de Quejas del Preso y/o el oficial de correción en su dormitorio.

## RECLAMACION DE PROPIEDAD

**Usted debe reclamar su propiedad o dinero de su cuenta de comisaría <u>dentro de 120 días</u> de haber sido dado de baja de la custodia del NYC Departamento de Corrección (NYDOC).**

1. **Si usted estuvo bajo custodia en una facilidad en Rikers Island** y no pudo recoger su propiedad y/o los fondos en el momento que le dieron de baja, usted puede regresar a Rikers Island más tarde con tal de que recogas su propiedad en dentro de 120 días de su haber sido dado de baja de la custodia de NYDOC. Para recoger tu propiedad y/o fondos en Rikers Island, **tu primero debes hacer una cita para recoger al 311. Las citas son hechas dos despues de haber sido solicitadas.** Si tu no te encuentras en NYC, llama a 212-639-96"5 para hacer una cita de recoger. **Si hay una situacion de emergencia, y tu no puedes esperar por el 311, por favor informar al 311 que usted necesita una acomodacion.**

**Tu no puedes regresar a la facilidad donde estubiste en custodia. Tu recogeras tu propiedad y/o los fondos en La Oficina del Cajero Central (CCO) en Rikers Island.** CCO esta localizada dentro de la casa central de visitas en Rikers Island y esta abierto 24 horas al dia, 7 días en la semana. Tu debes recoger tu propiedad y/o fondos dentro de 3 dias de tu cita o tu deberas de hacer otra cita. Tu tienes que traer una identificación de foto (I.D.) para reclamar tu propiedad y/o fondos. Tu tambien puedes seleccionar a una persona para recoger tu propiedad y fondos. Para hacerlo, las personas deben presentar una autorizacion por escrito (carta) con tu firma notarizada especificando que pueden reclamar tus cosas y ellos tambien tienen que tener identificación con foto.

2. **Si usted estuvo bajo custodia en una facilidad del condado:** Vernon C. Bain Center (VCBC) o Manhattan Detention Complex (MDC) **tu debes reclamar tu propiedad y/o fondos en la facilidad del condado en dentro de 120 días de haber sido dado de baja de NYCDOC.** Tu debe de contactar la facilidad del condado para sus horas de operación (VCBC 718-579-8317, 8311; MDC 212-225-7413) y ir a la facilidad del condado por tu propiedad y fondos. **Tu no puedes ir a La Oficina del Cajero Central (CCO) en Rikers Island por tu propiedad si tu estuvistes en custodia en una facilidad del condado.** Usted debe de traer una identificación con foto para reclamar su propiedad y/o fondos. También puede designar a alguien para recoger a su propiedad y/o fondos. Para hacerlo, las personas deben presentar una autorisacion por escrito (carta) con tu firma notarizada especificando que pueden reclamar tus cosas y ellos tambien tienen que tener identificación con foto.

3. **Si fueron trasladados a otra jurisdicción o agencia** [i.e. Estado de Nueva York Departamento de Servio os Correccionales (prisión estatal); Departamento de Seguridad Nacional (anteriormente conocida como INS), Oficina Federal de Prisiones], o extraditado a otro estado o país debe reclamar su propiedad y/o fondos en dentro de los 120 días de haber sido dado de baja de NYCDOC. Si usted no puede recoger su propiedad y/o fondos, usted puede seleccionar a alguien para recogerlos por ti. Ellos necesitaran una carta notarizada por ti, autorizandolos para recoger tu propiedad y ellos tambien tienen que tener identificación con foto.

4. **Si usted es un pariente o un compañero doméstico o un designado de alguien que falleció, mientras que en la custodia de la NYCDOC** debe reclamar la propiedad del fallecido y/o fondos en dentro de los 120 días de su muerte. Usted debe de contactar la Surrogate Court -Administrador Público, de la ciudad donde residía el fallecido para obtener una carta de la Administración. Una carta de la Administración le autorizara recoger la propiedad y/o fondos del difunto recluso. Después de obtener la Carta de la Administración debe llamar al 311 y hacer una cita para recoger tu propiedad y/o fondos. Si el recluso estuvo en custodia en Rikers Island. Si el recluso estuvo su bajo custodia en una facilidad del condado, tu debes de contactar esa facilidad.

Si el fallecido no residía en la ciudad de Nueva York, una carta de la Administración se debe de obtener del Administrador Público en el condado de su residencia. Después de obtener la carta de la Administración siga los pasos descritos anteriormente.

5. **Si usted se encuentra en custodia NYCDOC y le gustaría una persona autorizada para recoger su propiedad mientras esta todavía en prisión,** usted puede obtener y completar un Formulario de la Propiedad, que autoriza a alguien de su elección para recoger a su propiedad. El formulario se puede solicitar a un oficial de correción en su dormitorio, el Programa de Quejas de Resolución del Preso o el área de Servicios Sociales. Una vez completo, el formulario se da a cualquiera de estas áreas para su presentación. Usted sera notificado por la facilidad cuando se haya approvado la autorizacion para que la propiedad sea recogida. En este momento, si usted estuvo bajo custodia en una facilidad de Rikers Island, notifique a su persona selecta para contactar 311 para hacer una cita para recoger su propiedad. Si usted estuvo bajo custodia en una facilidad del condado, su persona selecta pedra contactar la facilidad del condado para sus horas de funcionamiento.



City of New York - Department of Correction

# INMATE GRIEVANCE AND
# REQUEST PROGRAM STATEMENT FORM

| Inmate's Name: | Book & Case #: | NYSID # (optional): | |
|---|---|---|---|
| TYQUAN Haskins | B591301279 | 09655617N | |
| Facility: | Housing Area: | Date of Incident: | Date Submitted: |
| AMKC | Ten Quad lower | 10/7/13 | 10/8/13 |

All grievances and requests must be submitted within ten business days after the incident occurred, unless the condition or issue is on-going. The inmate filing the grievance or request must personally prepare this statement. Upon collection by Inmate Grievance and Request Program (IGRP) staff, IGRP staff will time-stamp and issue it a grievance/request reference number. IGRP staff shall provide the inmate with a copy of this form as a record of receipt within two business days of receiving it.

Request or Grievance: on the 10/7/13 I was call down to a hearing Disciplinary hearing and told by the Captain Medina who was conducting the hearing "you got serve on th you dont remember it was on the 10/2/13" I told her I've never recive an infraction on the 10/2/13 as well what am I getting infracted for? Ms. Medina told me "dont act stupid you was infracted for your action on the 10/1/13 If you never been serve I'm he by serving you today and you will be bought back for the Disciplinary hearing with in 24 hour's from now".

Action Requested by Inmate: she serve me for something I didn't do at all on the 10/3/13 I will like the office to look at the Camel's to see on the 10/1/13 inserdent as well the halway Camel's on the 10/2/13 to see if Captain Walker serve me on that day

Please read below and check the correct box:

| | Yes | No |
|---|---|---|
| Do you agree to have your statement edited for clarification by IGRP staff? | ☐ Yes | ☑ No |
| Do you need the IGRP staff to write the grievance or request for you? | ☑ Yes | ☐ No |
| Have you filed this grievance or request with a court or other agency? | ☐ Yes | ☑ No |
| Did you require the assistance of an interpreter? | ☐ Yes | ☑ No |

Inmate's Signature: _Tyquan Haskins_      Date of Signature: 10/8/13

For DOC Office Use Only
IGRP RETAINS THE DOUBLE-SIDED ORIGINAL FOR ADMINISTRATIVE RECORDS.
IGRP MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

| Time Stamp Below: | Grievance and Request Reference #: | Category: |
|---|---|---|
| | Inmate Grievance and Request Program Staff's Signature: | |



City of New York - Department of Correction

# INMATE GRIEVANCE AND

# REQUEST PROGRAM STATEMENT FORM

The Inmate Grievance and Request Program (IGRP) at the NYC Department of Correction is available to resolve your individual complaints or concerns about specific matters involving incarceration.

A grievance is a written complaint submitted by an inmate in the Department's custody about an issue, action, condition, or practice relating to the inmate's confinement.

A request is a written individually expressed need for a service, assistance, or accommodation regarding any issue relating to the inmate's confinement.

- " You may first seek to resolve the issue or condition by speaking to the involved staff or your housing officer.
- " You always have the right to file a grievance or request.
- " Before you seek relief from an external entity, like the courts or another agency, you should file your grievance or request with this program.

## THE SUBMISSION AND APPEALS PROCESSES

### 1. SUBMISSION

Submit this form (Statement form) to the IGRP office, IGRP staff, or drop it in a grievance and request box.

### 2. INFORMAL RESOLUTION

You will receive a proposed resolution within five days after the IGRP receives the form. If you disagree with the proposed resolution, you will have five business days to appeal and request a formal hearing.

If your submission involves a request to exercise religious beliefs or practices not currently available and you seek to appeal, the Committee on Religious Accommodations will review your request.

### 3. FORMAL HEARING OF THE INMATE GRIEVANCE RESOLUTION COMMITTEE

The Inmate Grievance Resolution Committee (IGRC) will conduct a hearing and render a written disposition within five business days from your request for a hearing.

If you disagree with the IGRC's disposition, you will have five business days to appeal to the commanding officer.

### 4. COMMANDING OFFICER'S REVIEW

The IGRP staff will forward your appeal to the commanding officer within one business day of receiving it. Within five business days of receiving the appeal, the commanding officer will render a written disposition.

### 5. CENTRAL OFFICE REVIEW COMMITTEE

If you disagree with the commanding officer's disposition, you will have five business days to appeal to the Central Office Review Committee (CORC). The CORC will render a disposition within 15 business days of receiving the appeal. The CORC's disposition constitutes the Department's final decision.



City of New York - Department of Correction

# INMATE GRIEVANCE AND
# REQUEST PROGRAM STATEMENT FORM

| Inmate's Name: | Book & Case #: | NYSID # (optional): | |
|---|---|---|---|
| Tyquan Haskins | 8591361279 | 096556170/ | |
| Facility: | Housing Area: | Date of Incident: | Date Submitted: |
| AMKC | Ten Quad Lower | 10/13/13 | 10/17/13 |

All grievances and requests must be submitted within ten business days after the incident occurred, unless the condition or issue is on-going. The inmate filing the grievance or request must personally prepare this statement. Upon collection by Inmate Grievance and Request Program (IGRP) staff, IGRP staff will time-stamp and issue a grievance/request reference number. IGRP staff shall provide the inmate with a copy of this form as a record of receipt within two business days of receiving it.

Request or Grievance:
Inmate's was lock in with out
no reason as well there where no toilt tusse given
out to any inmate's as well tooth brush or tooth past
for three days no toilt tusse as well not being
able to be lock out for three day. Inmate's was
not giving an option to take a shower's as well     10/13/13
use the telephone and have there visitation on the Sunday
unto tuesday 10/16/13.

Action Requested by Inmate:
Why lock inmate's in there cell with out giving them
any option to shower as well use the telephone
to call there love one? Why lock inmate's in there
cell for 96 hour's straight?

### Please read below and check the correct box:

| | Yes | No |
|---|---|---|
| Do you agree to have your statement edited for clarification by IGRP staff? | ☐ | ☑ |
| Do you need the IGRP staff to write the grievance or request for you? | ☐ | ☑ |
| Have you filed this grievance or request with a court or other agency? | ☑ | ☐ |
| Did you require the assistance of an interpreter? | ☐ | ☐ |

Inmate's Signature: _Tyquan Haskins_          Date of Signature: _Tyquan Haskins_

For DOC Office Use Only
IGRP RETAINS THE DOUBLE-SIDED ORIGINAL FOR ADMINISTRATIVE RECORDS.
IGRP MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

| Time Stamp Below: | Grievance and Request Reference #: | Category: |
|---|---|---|
| | Inmate Grievance and Request Program Staff's Signature: | |



### City of New York - Department of Correction

# INMATE GRIEVANCE AND
# REQUEST PROGRAM STATEMENT FORM

The Inmate Grievance and Request Program (IGRP) at the NYC Department of Correction is available to resolve your individual complaints or concerns about specific matters involving incarceration.

A grievance is a written complaint submitted by an inmate in the Department's custody about an issue, action, condition, or practice relating to the inmate's confinement.

A request is a written individually expressed need for a service, assistance, or accommodation regarding any issue relating to the inmate's confinement.

- You may first seek to resolve the issue or condition by speaking to the involved staff or your housing officer.
- You always have the right to file a grievance or request.
- Before you seek relief from an external entity, like the courts or another agency, you should file your grievance or request with this program.

## THE SUBMISSION AND APPEALS PROCESSES

### 1. SUBMISSION

Submit this form (Statement form) to the IGRP office, IGRP staff, or drop it in a grievance and request box.

### 2. INFORMAL RESOLUTION

You will receive a proposed resolution within five days after the IGRP receives the form. If you disagree with the proposed resolution, you will have five business days to appeal and request a formal hearing.

If your submission involves a request to exercise religious beliefs or practices not currently available and you seek to appeal, the Committee on Religious Accommodations will review your request.

### 3. FORMAL HEARING OF THE INMATE GRIEVANCE RESOLUTION COMMITTEE

The Inmate Grievance Resolution Committee (IGRC) will conduct a hearing and render a written disposition within five business days from your request for a hearing.

If you disagree with the IGRC's disposition, you will have five business days to appeal to the commanding officer.

### 4. COMMANDING OFFICER'S REVIEW

The IGRP staff will forward your appeal to the commanding officer within one business day of receiving it. Within five business days of receiving the appeal, the commanding officer will render a written disposition.

### 5. CENTRAL OFFICE REVIEW COMMITTEE

If you disagree with the commanding officer's disposition, you will have five business days to appeal to the Central Office Review Committee (CORC). The CORC will render a disposition within 15 business days of receiving the appeal. The CORC's disposition constitutes the Department's final decision.



City of New York - Department of Correction

# INMATE GRIEVANCE AND
# REQUEST PROGRAM STATEMENT FORM

| Inmate's Name: | Book & Case #: | NYSID # (optional): |
| --- | --- | --- |
| Tyquan Haskins | 895130229 | 09655617N |
| Facility: | Housing Area: | Date of Incident: | Date Submitted: |
| AMKC | 10 Quad lower | 11/18/13 | 11/24/13 |

All grievances and requests must be submitted within ten business days after the incident occurred, unless the condition or issue is on-going. The inmate filing the grievance or request must personally prepare this statement. Upon collection by Inmate Grievance and Request Program (IGRP) staff, IGRP staff will time-stamp and issue it a grievance/request reference number. IGRP staff shall provide the inmate with a copy of this form as a record of receipt within two business days of receiving it.

Request or Grievance: To have a back up bus when D.O.C bus drivers are going on strike or fire all of them and hired a bunch of new bus drivers who want violate the inmates as well the courts rules to produce all inmates. So all inmates don't have to be pack in the holding cell as sarden fish.

Action Requested by Inmate: To inform all inmates a head of any day before it take place so the courts and lawyers could be notify by the inmates.

**Please read below and check the correct box:**

| | Yes | No |
| --- | --- | --- |
| Do you agree to have your statement edited for clarification by IGRP staff? | ☐ Yes | ☐ No |
| Do you need the IGRP staff to write the grievance or request for you? | ☐ Yes | ☐ No |
| Have you filed this grievance or request with a court or other agency? | ☐ Yes | ☐ No |
| Did you require the assistance of an interpreter? | ☐ Yes | ☐ No |

Inmate's Signature: _Tyquan Haskins_          Date of Signature: _____

**For DOC Office Use Only**
IGRP RETAINS THE DOUBLE-SIDED ORIGINAL FOR ADMINISTRATIVE RECORDS.
IGRP MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

| Time Stamp Below: | Grievance and Request Reference #: | Category: |
| --- | --- | --- |
| | | |
| | Inmate Grievance and Request Program Staff's Signature: | |



## City of New York - Department of Correction

# INMATE GRIEVANCE AND

# REQUEST PROGRAM STATEMENT FORM

The Inmate Grievance and Request Program (IGRP) at the NYC Department of Correction is available to resolve your individual complaints or concerns about specific matters involving incarceration.

A grievance is a written complaint submitted by an inmate in the Department's custody about an issue, action, condition, or practice relating to the inmate's confinement.

A request is a written individually expressed need for a service, assistance, or accommodation regarding any issue relating to the inmate's confinement.

- You may first seek to resolve the issue or condition by speaking to the involved staff or your housing officer.
- You always have the right to file a grievance or request.
- Before you seek relief from an external entity, like the courts or another agency, you should file your grievance or request with this program.

## THE SUBMISSION AND APPEALS PROCESSES

### 1. SUBMISSION

Submit this form (Statement form) to the IGRP office, IGRP staff, or drop it in a grievance and request box.

### 2. INFORMAL RESOLUTION

You will receive a proposed resolution within five days after the IGRP receives the form. If you disagree with the proposed resolution, you will have five business days to appeal and request a formal hearing.

If your submission involves a request to exercise religious beliefs or practices not currently available and you seek to appeal, the Committee on Religious Accommodations will review your request.

### 3. FORMAL HEARING OF THE INMATE GRIEVANCE RESOLUTION COMMITTEE

The Inmate Grievance Resolution Committee (IGRC) will conduct a hearing and render a written disposition within five business days from your request for a hearing.

If you disagree with the IGRC's disposition, you will have five business days to appeal to the commanding officer.

### 4. COMMANDING OFFICER'S REVIEW

The IGRP staff will forward your appeal to the commanding officer within one business day of receiving it. Within five business days of receiving the appeal, the commanding officer will render a written disposition.

### 5. CENTRAL OFFICE REVIEW COMMITTEE

If you disagree with the commanding officer's disposition, you will have five business days to appeal to the Central Office Review Committee (CORC). The CORC will render a disposition within 15 business days of receiving the appeal. The CORC's disposition constitutes the Department's final decision.



City of New York - Department of Correction

# INMATE GRIEVANCE AND
# REQUEST PROGRAM STATEMENT FORM

| Inmate's Name: | Book & Case #: | NYSID # (optional): |
|---|---|---|
| Tyquan Haskins | 895130/279 | 09655617(20) |
| Facility: | Housing Area: | Date of Incident: | Date Submitted: |
| AMKC | 10 Quad Lower | 12/12/13 | 12/18/13 |

All grievances and requests must be submitted within ten business days after the incident occurred, unless the condition or issue is ongoing. The inmate filing the grievance or request must personally prepare this statement. Upon collection by Inmate Grievance and Request Program (IGRP) staff, IGRP staff will time-stamp and issue it a grievance/request reference number. IGRP staff shall provide the inmate with a copy of this form as a record of receipt within two business days of receiving it.

Request or Grievance: Teach D.O.C officers when to use excessive force on inmates special when a fire had happen. No one should get spray with O.C race after coming out of a cloud of smoke and get slam on the floor as well denied medical treatment for the day and place back in that housing area that had a fire in it as nobody get to lock out to shower off the mace on 12/12/13.

Action Requested by Inmate: Medical treatment as well move pleaintiff from the fire housing area which have the fumes in the air as well debree in the housing area air.

**Please read below and check the correct box:**

| | Yes | No |
|---|---|---|
| Do you agree to have your statement edited for clarification by IGRP staff? | Yes ☑ | No ☐ |
| Do you need the IGRP staff to write the grievance or request for you? | Yes ☑ | No ☐ |
| Have you filed this grievance or request with a court or other agency? | Yes ☐ | No ☐ |
| Did you require the assistance of an interpreter? | Yes ☐ | No ☑ |

Inmate's Signature: _Tyquan Haskins_     Date of Signature: _____

For DOC Office Use Only
IGRP RETAINS THE DOUBLE-SIDED ORIGINAL FOR ADMINISTRATIVE RECORDS.
IGRP MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

| Time Stamp Below: | Grievance and Request Reference #: | Category: |
|---|---|---|
| | Inmate Grievance and Request Program Staff's Signature: | |

Form: #7101R, Eff.: 09/10/12, Ref.: Dir. #3376 - page 2



## City of New York - Department of Correction

# INMATE GRIEVANCE AND REQUEST PROGRAM STATEMENT FORM

The Inmate Grievance and Request Program (IGRP) at the NYC Department of Correction is available to resolve your individual complaints or concerns about specific matters involving incarceration.

A grievance is a written complaint submitted by an inmate in the Department's custody about an issue, action, condition, or practice relating to the inmate's confinement.

A request is a written individually expressed need for a service, assistance, or accommodation regarding any issue relating to the inmate's confinement.

- " You may first seek to resolve the issue or condition by speaking to the involved staff or your housing officer.
- " You always have the right to file a grievance or request.
- " Before you seek relief from an external entity, like the courts or another agency, you should file your grievance or request with this program.

## THE SUBMISSION AND APPEALS PROCESSES

### 1. SUBMISSION

Submit this form (Statement form) to the IGRP office, IGRP staff, or drop it in a grievance and request box.

### 2. INFORMAL RESOLUTION

You will receive a proposed resolution within five days after the IGRP receives the form. If you disagree with the proposed resolution, you will have five business days to appeal and request a formal hearing.

If your submission involves a request to exercise religious beliefs or practices not currently available and you seek to appeal, the Committee on Religious Accommodations will review your request.

### 3. FORMAL HEARING OF THE INMATE GRIEVANCE RESOLUTION COMMITTEE

The Inmate Grievance Resolution Committee (IGRC) will conduct a hearing and render a written disposition within five business days from your request for a hearing.

If you disagree with the IGRC's disposition, you will have five business days to appeal to the commanding officer.

### 4. COMMANDING OFFICER'S REVIEW

The IGRP staff will forward your appeal to the commanding officer within one business day of receiving it. Within five business days of receiving the appeal, the commanding officer will render a written disposition.

### 5. CENTRAL OFFICE REVIEW COMMITTEE

If you disagree with the commanding officer's disposition, you will have five business days to appeal to the Central Office Review Committee (CORC). The CORC will render a disposition within 15 business days of receiving the appeal. The CORC's disposition constitutes the Department's final decision.

**NYSID No:** 09655617N  **B&C No:** 8951301279

**HASKINS, TYQUAN**
373 E 154 ST, 205, BRONX, NY 10451

**DOB:** 02/15/1983   **Age:** 30 Y   **Sex:** male

**Primary Insurance:**   Medicaid
**PCP:**

Home:
Work:
Cell:
Email:

**Allergies :**   N.K.D.A

|  |  |  |
|---|---|---|
|  |  | Antisocial personality disorder |
|  |  | Condyloma acuminatum |
|  |  | TMJ DISORDERS NOS |
|  |  | Tinea pedis |
| 01/04/2014 Sick Call |  | CHEST PAIN NOS |
|  |  | LBP [Low back pain] |
| 01/04/2014 Sick Call | Chest pain |  |
| 01/04/2014 TEL |  |  |
| 01/04/2014 TEL | Message |  |
| 12/19/2013 Medical | As per SMD' request due to Patient' Lawyers concerns , Patient was seen, & evaluated in Main Clinic for the Following: 1. " Mr. Haskins reports that he was exposed to smoke during a fire that occured on 12/12/13 but was not taken for medical treatmen | EXPOSURE NEC |
| 12/17/2013 PsychMeds | medication follow-up(1st bridge expires 12/20) | Mood disorder NOS |
|  |  | Cannabis dependence, continuous |
|  |  | Sedative, hypnotic or anxiolytic abuse |
|  |  | Antisocial personality disorder |
|  |  | LBP [Low back pain] |
| 12/17/2013 MH Visit | TPR and MH Clinicians Progress Note | SMI - NO |
|  |  | Cannabis dependence, continuous |
|  |  | Sedative, hypnotic or anxiolytic abuse |
|  |  | Antisocial personality disorder |
|  |  | Condyloma acuminatum |
|  |  | TMJ DISORDERS NOS |
|  |  | LBP [Low back pain] |
|  |  | FIRE IN BLDG-FUMES NOS |
| 12/13/2013 Injury | injury | HX INJURY NEC |
| 12/13/2013 Medical | LBP f/u ortho | LBP [Low back pain] |
|  |  | FIRE IN BLDG-FUMES NOS |
| 12/12/2013 Nursing | Smoke inhalation | ROUTINE MEDICAL EXAM |
| 12/10/2013 PsychMeds |  | PSYCHOSIS NOS |
|  |  | Adjustment disorder with mixed emotional features |
| 11/25/2013 Neurology | neuro | Pain in limb |
| 11/22/2013 MH Visit | TPR and MH Clinicians Progress Note | SMI - NO |
|  |  | Cannabis dependence, continuous |

1818 Hazen street
East Elhurst NY 11370

SIR:    Please take notice to whom it may
concern plaintiff was involved in a inserdent on
December 12 2013 at Anna M Kross Center facilty which
was thursday and hereby claims that defendants was
using excesive force on plaintiff who was coming out
of an housing area that had a fire in it and was mace
by the probteam who came and stood on the other side
of the hallway and use excesive force on evey inmate
who came out of ten quad lower that thursday on 12/12/13.

To:    Agro Rose who let plaintiff right's be violated
by Dept Kelly who lock the whole ten quad lower in
there cell for no reson and said unto evey inmate that
they will be lock out befor lunch time which never
happen unto around five pm there was an inmate who
was playing with fire and officer "john doe" said to
the inmate that "you think what you doing is going to
get you lock out any faster" as he walk off the "B"post
all inmates start calling the officer who left the "B"
post for help as the black clouds off smoke fill the
hallway and cells fast and the cloud of smoke got dark
as inmates panic and cry for help.

   I feel that the officer who was working that day
violated the three "C" Care Custody Control as all
inmates suffer in there cell for over an half hour
breathing black clouds of smoke as the officer's
john doe who left his post and knew of the fire as
well let the fire brun and left inmates in there cell
too breath the black clouds of smoke for more than
half hour.

2.   Plaintiff notice that none of the fire alarm went off
as well there was no sprinkler in any inmate cell as
well no fire sprinkler in the hallway either. I'm
up set at the officer for not trying to put the fire
out as well let the fire get big.

3.   Defendant's jane doe and mess of john doe's who was
on the probteam use excesive force on eveybody who
came out of the fire housing area which show that they
didn't care about anybody health as well macing inmates
with out proper of cause as all inmates was hand cuff
and taking too c71 intake to be held for an hour unto
the housing area was air out so they could place inmates
back in it.

4.   Plaintiff have not recive medical treatment on the
december 12 2013 for the inserdent as unto this day on
all inmates have not recive porper medical treatment
on the fire= inserdent as the D.O.C try cover up on
the inserdent that happen and may lie and say inmates
have resive medical which it show on the camer that
all inmates    wasn't taking

ANTONIO MIGUEL FRAZIER
COMMISSIONER OF DEEDS
No. 2-13375
Qualified in Queens County
Commission Expires June 1 2014

12/18/13

Antonio M Frazier

# Wilker, Dale

| | |
|---|---|
| **From:** | Wilker, Dale |
| **Sent:** | Friday, January 03, 2014 2:14 PM |
| **To:** | 'Dr. Jay Cowan'; Dr. Homer Venters; Erik Berliner |
| **Cc:** | Amanda Parsons; Athanasia Toumanidis; Donald Doherty; Dr. Carl J. Keldie; Dr. Luis Cintron; Dr. R. Macdonald; Dr. Zachary Rosner; George Axelrod; Nancy Arias RN; Patricia Morgese; Pinney, Becky; Amanda Masters; capotler@boc.nyc.gov; Chai Park; Felix Martinez (fmartinez@boc.nyc.gov); Tonya (BOC) Glover |

**Subject:** RE: SMOKE INHALATION AND MACE EXPOSURE: TYQUAN HASKINS 8951301279 AMKC



THE LEGAL AID SOCIETY

Mr. Haskins says that he continues to have difficulty breathing, is spitting up "black phlegm" and "green mucus" from exposure to smoke and chemical agents (mace) after a fire and use of force which we reported on December 19.

However, he says that PHS staff at AMKC is not providing treatment for theses symptoms, other than to take his blood pressure and other vital signs. He says he cannot identify the staff by name because PHS staff do not wear name tags.

Would you please have him seen as soon as possible and provided with any appropriate and necessary treatment?

Please let us know your actions taken to address his medical treatment needs, as well as your findings and any actions taken to resolve his complaints about inadequate care and treatment.

Thank you for your attention to this matter.

*Dale A. Wilker*

Staff Attorney
The Legal Aid Society
Civil Practice / Prisoners' Rights Project
199 Water Street, Room 6039
New York, New York 10038
tel: 212-577-3530 ext. 3943
fax: 212-509-8433
email: dwilker@legal-aid.org

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The information contained in this email is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, then please destroy the email after advising by reply that you erroneously received this communication and that it has been destroyed and permanently deleted from all of your email servers and work stations. The receipt by anyone other than the intended recipient does not waive the attorney-client privilege; neither will it constitute a waiver of the work-product doctrine. Please take note that: (1) e mail communication is not a secure method of

Page 2 of 3

communication; (2) any e mail that is sent to you or by you may be copied and held by any or all computers through which it passes as it is transmitted; and (3) persons not participating in our communications may intercept our communications by improperly accessing either of our computers or another computer unconnected to either of us through which email is passed.

| | |
|---|---|
| **From:** | Wilker, Dale |
| **Sent:** | Thursday, December 19, 2013 4:03 PM |
| **To:** | 'Dr. Jay Cowan'; Dr. Homer Venters; Erik Berliner |
| **Cc:** | Doyle, III, John H.; OCC-Nicole Austin Best; 'Orsland, Chlarens (Law)'; 'CONSTITUENT SERVICES'; Nadene Pinnock; Thomas Bergdall, Esq.; Amanda Parsons; Athanasia Toumanidis; Donald Doherty; Dr. Carl J. Keldie; Dr. Luis Cintron; Dr. R. Macdonald; George Axelrod; Nancy Arias RN; Patricia Morgese; Pinney, Becky; Amanda Masters; capotler@boc.nyc.gov; Chai Park; Felix Martinez (fmartinez@boc.nyc.gov); Tonya (BOC) Glover |
| **Subject:** | SMOKE INHALATION AND MACE EXPOSURE:  TYQUAN  HASKINS 8951301279 AMKC |

**Attachments:**     Picture (Metafile)



THE LEGAL AID SOCIETY

Mr. Haskins reports that he and other inmates were exposed to smoke during a fire that occurred in AMKC Quad 10 Lower on December 12, but that they were not taken for medical treatment.  Instead, he says that the AMKC probe team staff maced him in a hallway and took him directly to the AMKC intake area.

He says that he has not received proper medical treatment of his injuries.

Would you please have Mr. Haskins, and all other inmates who were exposed to smoke on December 12 in Quad 10 Lower, seen as soon as possible and provided with any appropriate and necessary treatment?

Please let us know your actions taken to address his medical treatment needs, as well as your findings and any actions taken to resolve his complaints about inadequate care and treatment.

Thank you for your attention to this matter.

*Dale A. Wilker*

Staff Attorney
The Legal Aid Society
Civ l Practice / Prisoners' Rights Project
199 Water Street, Room 6039
New York, New York 10038
tel: 212-577-3530 ext. 3943
fax: 212-509-8433

1/3/2014



## City of New York - Department of Correction

# INMATE GRIEVANCE AND
# REQUEST PROGRAM STATEMENT FORM

| Inmate's Name: | Book & Case #: | NYSID # (optional): |
|---|---|---|
| TXUAN HASKInS | 895/301279 | 09655617N |
| Facility: | Housing Area: | Date of Incident: | Date Submitted: |
| AMKC | 12 QUed lower | 02/27/14 | 3/7/14 |

**Request or Grievance:** I asked for an Investigater to see me at AMKC where a officer told all inmates he will give them a pack of cigarettes to "fuck me up" Officer Campbell #6119 watch as two latin kings members Jump me as officer John doe watch along with Carpbell on the "B" post for ten minutes befor the probe team came. And officer campbell told captan Mitchell #1250 "I want HASkIns out of here!"

**Action Requested by Inmate:** I want to speak to the mayer or I.D as well the commissioner my life is at danger and I'm not a gang member now everywhere I go I will have to look over my back I want out of this facility.

**Please read below and check the correct box:**

| | Yes | No |
|---|---|---|
| Do you agree to have your statement edited for clarification by IGRP staff? | ☐ Yes | ☐ No |
| Do you need the IGRP staff to write this grievance or request for you? | ☐ Yes | ☐ No |
| Have you filed this grievance or request with a court or other agency? | ☐ Yes | ☐ No |
| Did you require the assistance of an interpreter? | ☐ Yes | ☐ No |

Inmate's Signature: _(signature)_   Date of Signature: _(signature)_

### FOR IGRP COMPLIANCE UNIT
IGRP RETAINS THE DOUBLE SIDED ORIGINAL FOR ADMINISTRATIVE RECORDS
IGRP SHOULD GIVE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT

| Time Stamp Below | Grievance and/or request reference #: | Category: |
|---|---|---|
| | | |
| | Inmate Grievance and Request Program Staff's Signature: | |

City of New York - Department of Correction

# INMATE GRIEVANCE AND

# REQUEST PROGRAM STATEMENT FORM

The Inmate Grievance and Request Program (IGRP) at the NYC Department of Correction is available to resolve your individual complaints or concerns about specific matters involving incarceration.

A grievance is a written complaint submitted by an inmate in the Department's custody about an issue, action, condition, or practice relating to the inmate's confinement.

A request is a written individually expressed need for a service, assistance, or accommodation regarding any issue relating to the inmate's confinement.

- You may first seek to resolve the issue or condition by appealing to the involved staff or your housing officer.
- You always have the right to file a grievance or request.
- Before you seek relief from an external entity, like the courts or another agency, you should file your grievance or request with this program.

## THE SUBMISSION AND APPEALS PROCESSES

### 1. SUBMISSION

Submit this form (Statement form) to the IGRP office, IGRP staff, or drop it in a grievance and request box.

### 2. INFORMAL RESOLUTION

You will receive a proposed resolution within five days after the IGRP receives this form. If you disagree with the proposed resolution, you will have five business days to appeal and request a formal hearing.

If your submission involves a request to exercise religious beliefs or practices not currently available and you seek to appeal, the Committee on Religious Accommodations will review your request.

### 3. FORMAL HEARING OF THE INMATE GRIEVANCE RESOLUTION COMMITTEE

The Inmate Grievance Resolution Committee (IGRC) will conduct a hearing and render a written disposition within five business days from your request for a hearing.

If you disagree with the IGRC's disposition, you will have five business days to appeal to the commanding officer.

### 4. COMMANDING OFFICER'S REVIEW

The IGRP staff will forward your appeal to the commanding officer within one business day of receiving it. Within five business days of receiving the appeal, the commanding officer will render a written disposition.

### 5. CENTRAL OFFICE REVIEW COMMITTEE

If you disagree with the commanding officer's disposition, you will have five business days to appeal to the Central Office Review Committee (CORC). The CORC will render a disposition within 15 business days of receiving the appeal. The CORC's disposition constitutes the Department's final decision.

# Baik, Agnes

**From:** Baik, Agnes
**Sent:** Thursday, March 06, 2014 4:24 PM
**To:** 'CONSTITUENT SERVICES'
**Cc:** 'florence.finkle@doc.nyc.gov'; 'sabina.blaskovic@doc.nyc.gov';
'Shirvahna.Gobin@doc.nyc.gov'; 'joel.duverge@doc.nyc.gov';
'Thomas.bergdall@doc.nyc.gov'; 'tglover@boc.nyc.gov'; 'capotler@boc.nyc.gov';
'amasters@boc.nyc.gov'; 'frmartinez@boc.nyc.gov'; 'chpark@boc.nyc.gov'
**Subject:** REPORT OF INMATE ASSAULT AT CO REQUEST: Tyquan Haskins, 8951301279, AMKC

Mr. Haskins reported to our office today that on February 27, CO Campbell offered the inmates in his former housing area, Quad 12 Lower, a pack of Newport cigarettes if they assaulted Mr. Haskins. Mr. Haskins was then jumped by Inmates Cruz and Alberto, who punched Mr. Haskins multiple times in the face.

The probe team, which included Captain Mitchell, responded to the incident. CO Campbell reportedly told Captain Mitchell that he wanted Mr. Haskins out of the house. Captain Mitchell then allegedly told Mr. Haskins in form or substance that if Mr. Haskins claimed any injuries, he would get another inmate to attack him again. He refused to give Mr. Haskins medical attention and sent Mr. Haskins to intake, where Mr. Haskins stayed for over 30 hours. He reportedly finally received medical attention 15 hours after the incident. On March 1, he was rehoused in 14 Upper.

Mr. Haskins communicated that no incident reports or infractions were generated as a result of this incident.

Would you please ensure that Mr. Haskins is seen by an investigator as soon as possible and Mr. Haskins's allegations of staff misconduct are properly looked into? Thank you for your attention to this matter.

Agnes Baik
Paralegal Casehandler
Prisoners' Rights Project
199 Water St.
NY, NY 10038

TYQUAN MACK — A(C-H-99-212-17170

18 18 H82E
East-Elmhurst N.Y. 11370
14 upper C-51911 AMKC

U.S District Court
Southern District of New York
Pro se office
500 pearl street
New york, New York 10007

legal
Urgent
Mail

CERTIFIED MAIL
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7006 2760 0004 1069 5621

legal
Urgent
Mail

legal
Urgent
Mail

USM
P8
SDNY

APR 10 2017