UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

TYQUAN HASKINS

                                   Plaintiff,

              -against-

COMMISSIONER: MARK CRANSTON
WARDEN ROSE AGRO, DEPUTY KELLY,
CAPTAIN: BALDWIN, CAPTAIN: MEDINA #472
CAPTAIN: LEVY, CAPTAIN: WALDEN CAPT: LYNN
CAPTAIN: CLARKE #1202, CAPT: MITCHELL #1250
CAPT: BUCKINER #1407, CAPT: JANE DOE #966
CAPT: JOHN DOE #1622 D.O.C. OFFICERS ROGER,
RUIZ, GOMEZ, JACKSON, WHITE, QUITONES,
CAMPBELL #16119,

                           Defendants.

---------------------------------------------------------------------- x

**ANSWER OF DEFENDANTS CRANSTON, AGRO, KELLY, WALDEN, BUCKNER, AND MOSES TO THE AMENDED COMPLAINT**

13 Civ. 9128 (WHP) (MHD)

JURY TRIAL DEMANDED

         Defendants in this action, Deputy Commissioner Cranston, Warden Agro, Assistant Deputy Warden Kelly, Captain Walden, Captain Buckner, and Captain Moses (sued herein as "Capt. John Doe #1622") (collectively "Defendants")[1], by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint respectfully allege, upon information and belief, as follows:

---

[1] The docket sheet does not indicate that the individuals identified in the amended complaint as Captains Baldwin, Medina, Levy, Lynn, Clarke, and Mitchell, and Correction Officers Roger, Ruiz, Gomez, Jackson, White, Quitones, and Campbell, and the individual identified as "CAPT: JANE DOE #966" have been served with process in this matter and therefore they are not yet defendants and do not join in the submission of this answer.

1.      Deny the allegations set forth in section "I" of pages 1 through 2 of the amended complaint, entitled "Parties in this complaint," and all of its subparts, except admit that Plaintiff purports to proceed as stated therein.

2.      Deny the allegations set forth in section "II" of pages 2 and 8 of the amended complaint, entitled "Statement of Claim," and all of its subparts, except admit that there was a fire in the quad ten lower housing area of the Anna M. Kross Center (AMKC) on December 12, 2013, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning any force used on Plaintiff during or after the fire.

3.      Deny the allegations set forth in paragraph 1[2] of page 3 of the amended complaint.   Defendants also admit that Plaintiff purports to proceed as stated therein and respectfully refer the Court to <u>Lareau v. Manson</u>, 651 F. 2d 96 (2nd Cir. 1981) for a recitation of its facts and holding.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of page 3 of the amended complaint.   Defendants also respectfully refer the Court to <u>Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington</u>, 132 S. Ct. 1510 (2012) for a recitation of its facts and holding.

5.      Deny the allegations set forth in paragraph 3 of page 3 of the amended complaint.

6.      Deny the allegations set forth in paragraph 4 of page 4 of the amended complaint.

---

[2] Pages three through seven of the amended complaint contain unnumbered paragraphs.  For the sake of clarity, Defendants have added numbers to these paragraphs, and have attached to this answer a copy of the numbered amended complaint as "Exhibit A."

7.     Deny the allegations set forth in paragraph 5 of page 4 of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the placement of cameras and sprinklers in Plaintiff's housing facility. Defendants also respectfully refer the Court to Fortner v. Thomas, 983 F.2d 1024, 1030 (11th Cir. 1993), for a recitation of its facts and holding.

8.     Deny the allegations set forth in paragraph 6 of page 4 of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning a special search on September 23, 2013 in Plaintiff's housing facility. Defendants also respectfully refer the Court to Hilton v. Dalsheim, 439 N.Y.S. 2d 157, 157-159 (N.Y. App. Div. 1981), Boodro v. Coughlin, 142 A.D.2d 820 (N.Y. App. Div. 1988), and Rodriguez v. Coughlin, 167 A.D.2d 671 (N.Y. App. Div. 1990), for a recitation of their facts and holdings.

9.     Deny the allegations set forth in paragraph 7 of page 5 of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning a 96-hour lockdown on or about October 13, 2013 in Plaintiff's housing facility.

10.    Deny the allegations set forth in paragraph 8 of page 5 of the amended complaint.  Defendants also respectfully refer the Court to Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), and Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979), for a recitation of their facts and holdings.

11.    Deny the allegations set forth in paragraph 9 of page 5 of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the

allegation that Plaintiff had court on November 18, 2013 and whether or not he went to Court that day.

12.    Deny the allegations set forth in paragraph 10 of page 6 of the amended complaint.  Defendants respectfully refer the Court to <u>Nicholson v. Choctaw County, Ala.</u>, 498 F. Supp. 295 (S.D. Ala. 1980) for a recitation of its facts and holding.

13.    Deny the allegations set forth in paragraph 11 of page 6 of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements to unidentified captains or an inmate on inmate assault on an unidentified date.  Defendants also respectfully refer the Court to Glick v. Fm Henderson, 855 F. 2d 536 (8th Cir. 1988) for a recitation of its facts and holding.

14.    Deny the allegations set forth in paragraph 12 of page 6 of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements or actions of unidentified Correction Officers and Captains.

15.    Deny the allegations set forth in paragraph 13 of page 7 of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning an alleged inmate on inmate assault on an unspecified date.  Defendants also respectfully refer the Court to <u>Bd. of the Cnty. Comm'Rs v. Brown</u>, 520 U.S. 397, 411 (1997) for a recitation of its facts and holding.

16.    Deny the allegations set forth in paragraph 14 of page 7 of the amended complaint, entitled "Claim for Relief," to the extent it contains an averment of fact; to the extent it contains only a prayer for relief, no response is required.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in section "III" of  page 8 of the amended complaint, entitled "Injuries."

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in section "IV" of pages 8, 9, and 10 of the amended complaint, entitled "Exhaustion of Administrative Remedies," and all its subparts, except admit that the correctional facility in which Plaintiff was housed has a grievance procedure.

19.     Deny the allegations set forth in section "V" of page 10 of the amended complaint, entitled "Relief," to the extent that it contains an averment of fact; to the extent it contains only a prayer for relief, no response is required.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in section "VI" of pages 11 through 12 of the amended complaint, entitled "Previous lawsuits," and all its subparts.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of page 13 of the amended complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of page 13 of the amended complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of page 13 of the amended complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of page 14 of the amended complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of page 14 of the amended complaint.

26.     Deny the allegations set forth in paragraph 6 of page 14 of the amended complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of page 15 of the amended complaint.

28.     Deny the allegations set forth in paragraph 8 of page 15 of the amended complaint.

29.     Deny the allegations set forth in paragraph 9 of page 15 of the amended complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of page 16 of the amended complaint regarding the alleged conversation between Plaintiff and Captain Medina, except admit that Plaintiff was served with a Notice of Infraction on October 2, 2013, and that Plaintiff refused to sign the Notice.  Defendants also respectfully refer the Court to page 15 of Plaintiff's original complaint, which is a copy of the Report and Notice of Infraction served on Plaintiff on October 2, 2013.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of page 16 of the amended complaint regarding the alleged conversation between Plaintiff and Captain Medina, except admit that Plaintiff received an infraction for refusing to obey a direct order and disrespecting staff following an incident on October 1, 2013.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of page 16 of the amended complaint, regarding the alleged conversation between Plaintiff and Captain Medina, except admit that, on October 8, 2013, Plaintiff received an infraction for refusing to obey a direct order and disrespecting staff, and was administered a penalty of 7 days' solitary confinement.  Defendants respectfully refer

- 6 -

the Court to page 14 of Plaintiff's original complaint, which is a copy of the Hearing Report and Notice of Disciplinary Disposition dated October 8, 2013.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of page 17 of the amended complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of page 17 of the amended complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of page 17 of the amended complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of page 17 of the amended complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of page 18 of the amended complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of page 18 of the amended complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of page 18 of the amended complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of page 19 of the amended complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of page 19 of the amended complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of page 19 of the amended complaint.

43.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of page 20 of the amended complaint.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of page 20 of the amended complaint.

45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of page 20 of the amended complaint.

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of page 21 of the amended complaint, except admit that an inmate started a fire in his cell in AMKC quad ten lower on December 12, 2013.

47.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of page 21 of the amended complaint.

48.    Deny the allegations set forth in paragraph 28 of page 21 of the amended complaint.

49.    Deny the allegations set forth in paragraph 29 of page 22 of the amended complaint, except admit that inmates were taken to intake following the fire on December 12, 2013.

50.    Deny the allegations set forth in paragraph 30 of page 22 of the amended complaint.

51.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of page 22 of the amended complaint.

52.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of page 23 of the amended complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of page 23 of the amended complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of page 23 of the amended complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of page 24 of the amended complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of page 24 of the amended complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of page 24 of the amended complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of page 25 of the amended complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of page 25 of the amended complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of page 25 of the amended complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of page 26 of the amended complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of page 26 of the amended complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of page 26 of the amended complaint.

64.     Pages 27 through 48 of the amended complaint are attached exhibits to which no response is required.  To the extent a response to the allegations contained in the documents is required, Defendants deny same.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

65.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

66.     Defendants have not violated any rights, privileges, or immunities under the Constitution or the laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

67.     Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or that of a third party, and was not the proximate result of any act of Defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

68.     Any force used against Plaintiff was reasonable under the circumstances.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

69.     Defendants Cranston, Agro, Kelly, Walden, Buckner, and Moses have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

70.     Plaintiff provoked any incident.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

71.     To the extent the complaint can be read to include any state law claims, they are barred for failure to comply, in whole or in part, with New York General Municipal Law §§ 50-e, h, k, or i.

## AS AND FOR AN EIGHTH  AFFIRMATIVE DEFENSE:

72.     At all times relevant to the acts alleged in the complaint, defendants Cranston, Agro, Kelly, Walden, Buckner, and Moses acted reasonably and properly in the lawful exercise of their discretion.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

73.     Defendants Cranston and Agro had no personal involvement in the incidents alleged in the complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

74.     Plaintiff may have failed to mitigate his damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

75.     Plaintiff may have failed to satisfy a condition precedent to suit.

**WHEREFORE,** defendants Cranston, Agro, Kelly, Walden, Buckner, and Moses request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                May 19, 2014

ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
*Attorney for Defendants Cranston, Agro, Kelly,*
*Walden, Buckner, and Moses*
100 Church Street, Room 3-176
New York, New York 10007
(212) 356-2347


By:          /s/
            Matthew Bridge
            Assistant Corporation Counsel
            Special Federal Litigation Division


To:    **BY MAIL**
Tyquan Haskins, *Plaintiff pro se*
895-13-01279
Anna M. Kross Center
18-18 Hazen Street
East Elmhurst, NY  11370